# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **BCS SOFTWARE, LLC,**<br><br>Plaintiff<br><br>v.<br><br>**ACLARA TECHNOLOGIES LLC,**<br><br>Defendant | **Case No. 6:19-cv-00482**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BCS Software, LLC ("Plaintiff" or "BCS") hereby asserts the following claims for patent infringement against Aclara Technologies, Inc. ("Defendant or "Aclara"), and alleges, on information and belief, as follows:

## THE PARTIES

1. BCS Software, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business in Austin, Texas.

2. Aclara Technologies LLC is a limited liability company organized and existing under the laws of the State of Ohio having a principal place of business at 77 Westport Plaza, Suite 500, St. Louis, Missouri, 61346.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant has committed acts of infringement in this judicial district.

5.      On information and belief, Defendant has a regular and established place of business in this judicial district.

6.      On information and belief, the Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Western District of Texas.

8.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b).

## NOTICE OF BCS' PATENTS

9.      BCS is owner by assignment of U.S. Patent No. 6,240,421 entitled "System, software and apparatus for organizing, storing and retrieving information from a computer database." https://patents.google.com/patent/US6240421B1/en?oq=6240421.

10.     BCS is owner by assignment of U.S. Patent No. 6,421,821 entitled "Flow chart-based programming method and system for object-oriented languages." https://patents.google.com/patent/US6421821B1/en?oq=6421821.

11.     BCS is owner by assignment of U.S. Patent No. 6,438,535 entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair and to maintain product and system units." https://patents.google.com/patent/US6438535B1/en?oq=6438535.

12.     BCS is owner by assignment of U.S. Patent No. 6,658,377 entitled "Method and system for text analysis based on the tagging, processing, and/or reformatting of the input text." https://patents.google.com/patent/US6658377B1/en?oq=6658377.

13.     BCS is owner by assignment of U.S. Patent No. 6,662,179 entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair and to maintain product and system units." https://patents.google.com/patent/US6662179B2/en?oq=6662179.

14.     BCS is owner by assignment of U.S. Patent No. 6,895,502 entitled "Method and system for securely displaying and confirming request to perform operation on host computer." https://patents.google.com/patent/US6895502B1/en?oq=6895502.

15.     BCS is owner by assignment of U.S. Patent No. 7,200,760 entitled "System for persistently encrypting critical software data to control the operation of an executable software program." https://patents.google.com/patent/US7200760B2/en?oq=7200760

16.     BCS is owner by assignment of U.S. Patent No. 7,302,612 entitled "High level operational support system." https://patents.google.com/patent/US7302612B2/en?oq=7302612.

17.     BCS is owner by assignment of U.S. Patent No. 7,533,301 entitled "High level operational support system."https://patents.google.com/patent/US7533301B2/en?oq=7533301.

18.     BCS is owner by assignment of U.S. Patent No. 7,730,129 entitled "Collaborative communication platforms." https://patents.google.com/patent/US7730129B2/en?oq=7730129.

19.     BCS is owner by assignment of U.S. Patent No. 7,774,296 entitled "Relational database method for accessing information useful for the manufacture of, to interconnect nodes in, to repair

and to maintain product and system units."

https://patents.google.com/patent/US7774296B2/en?oq=7774296.

20. BCS is owner by assignment of U.S. Patent No. 7,840,893 entitled "Display and manipulation of web page-based search results."

https://patents.google.com/patent/US7840893B2/en?oq=7840893.

21. BCS is owner by assignment of U.S. Patent No. 7,890,809 entitled "High level operational support system." https://patents.google.com/patent/US7890809B2/en?oq=7890809.

22. BCS is owner by assignment of U.S. Patent No. 7,895,282 entitled "Internal electronic mail system and method for the same."

https://patents.google.com/patent/US7895282B1/en?oq=7895282."

23. BCS is owner by assignment of U.S. Patent No. 7,996,464 entitled "Method and system for providing a user directory."

https://patents.google.com/patent/US7996464B1/en?oq=7996464.

24. BCS is owner by assignment of U.S. Patent No. 7,996,469 entitled "Method and system for sharing files over networks."

https://patents.google.com/patent/US7996469B1/en?oq=7996469.

25. BCS is owner by assignment of U.S. Patent No. 8,171,081 entitled "Internal electronic mail within a collaborative communication system."

https://patents.google.com/patent/US8171081B1/en?oq=8171081.

26. BCS is owner by assignment of U.S. Patent No. 8,176,123 entitled "Collaborative communication platforms."

https://patents.google.com/patent/US8176123B1/en?oq=8176123.

27. BCS is owner by assignment of U.S. Patent No. 8,285,788 entitled "Techniques for sharing files within a collaborative communication system." https://patents.google.com/patent/US8285788B1/en?oq=8285788.

28. BCS is owner by assignment of U.S. Patent No. 8,554,838 entitled "Collaborative communication platforms." https://patents.google.com/patent/US8554838B1/en?oq=8554838.

29. BCS is owner by assignment of U.S. Patent No. 8,819,120 entitled "Method and system for group communications." https://patents.google.com/patent/US8819120B1/en?oq=8819120.

30. BCS is owner by assignment of U.S. Patent No. 8,984,063 entitled "Techniques for providing a user directory for communication within a communication system." https://patents.google.com/patent/US8984063B1/en?oq=8984063.

31. BCS is owner by assignment of U.S. Patent No. 9,396,456 entitled "Method and system for forming groups in collaborative communication system." https://patents.google.com/patent/US9396456B1/en?oq=9396456.

32. Defendant, at least by the date of this Complaint, is on notice of the above patents owned by BCS.

## U.S. PATENT NO. 7,890,809

33. BCS is the owner, by assignment, of U.S. Patent No. 7,890,809 ("the '809 Patent"), entitled HIGH LEVEL OPERATIONAL SUPPORT SYSTEM, which issued on February 15, 2011.  A copy of the '809 Patent is attached as **Exhibit PX-809**.

34. The '809 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

35. The '809 Patent was invented by Messrs. Blaine Nye and David Sze Hong.

36. The priority date for the '809 Patent is at least May 1, 2003.

37. The expiration date of the '809 Patent is August 21, 2023.

38. The '809 Patent has been referenced by 18 United States Patents, United States Patent Applications and foreign patents.

39. The '809 Patent was examined by United States Patent Examiner Joshua Lohn. During the examination of the '809 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 714/38, 714/47, 719/320.

40. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 6,748,555 to Teegan et al as one of the most relevant prior art references found during the search.

41. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 6,862,698 to Shyu as one of the most relevant prior art references found during the search.

42. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 7,003,560 to Mullen et al as one of the most relevant prior art references found during the search.

43. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent No. 7,100,195 to Underwood as one of the most relevant prior art references found during the search.

44. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No.

2003/0037288 by Harper et al as one of the most relevant prior art references found during the search.

45. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2003/0204791 by Helgren et al as one of the most relevant prior art references found during the search.

46. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2004/0073566 by Trivedi as one of the most relevant prior art references found during the search.

47. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2004/0088401 by Tripathi et al as one of the most relevant prior art references found during the search.

48. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 2005/0044535 by Coppert as one of the most relevant prior art references found during the search.

49. After conducting a search for prior art during the examination of the '809 Patent, the United States Patent Examiner identified and cited U.S. Patent Application No. 6,748,555 by Shyu as one of the most relevant prior art references found during the search.

50. The '809 Patent relates to:

A high level Operational Support System (OSS) framework provides the infrastructure and analytical system to enable all applications and systems to be managed dynamically at runtime regardless of platform or programming technology. Applications are automatically discovered and managed. Java applications have the additional advantage of auto-inspection (through reflection) to determine their manageability. Resources belonging to application instances are associated and managed with that application instance. This provides operators the ability to not only manage an application, but its distributed components as well. They are presented as belonging to a single application instance node that can be monitored, analyzed, and managed. The OSS framework provides the platform-independent infrastructure that heterogeneous applications require to be monitored, controlled, analyzed and managed at runtime. New and legacy applications written in C++ or Java are viewed and manipulated identically with zero coupling between the applications themselves and the tools that scrutinize them.

'809 Patent (Abstract).



*Id.* (Figure 1).

51. The field of the invention is to improvements in "wireless communication carriers. More particularly, it relates to operational support system (OSS), application/systems management, and network management." *Id.*, col. 1:17-20.

52. As disclosed in the '809 Patent, "[m]any network management technologies exist that allow operators to manage applications and devices at runtime. For instance, SNMP, TL1 and JMX each attempt to provide operators with the ability to manipulate and affect change at runtime." *Id.*, col. 1:22-26.

53. As disclosed in the '809 Patent, "[t]he fundamental of each is similar. It is to manipulate the objects of an application through messaging." *Id.*, col. 1:26-27.

54. As disclosed in the '809 Patent, "SNMP is the standard basic management service for networks that operate in TCP/IP environments. It is intended primarily to operate well-defined devices easily and does so quite successfully. However, it is limited to the querying and updating of variables." *Id.*, col. 1:28-32.

55. As disclosed in the '809 Patent, "Transaction Language 1 (TL1) is a set of ASCII-based instructions, or 'messages,' that an operations support system (OSS) uses to manage a network element (NE) and its resources. *Id.*, col. 1:32-35.

56. As disclosed in the '809 Patent, "JMX is a Java centric technology that permits the total management of objects: not only the manipulation of fields, but also the execution of object operations. It is designed to take advantage of the Java language to allow for the discovery and manipulation of new or legacy applications or devices." *Id.*, col. 1:35-40.

57. As disclosed in the '809 Patent, "Operational Support for enterprise applications is currently realized using a variety of technologies and distinct, separate services. For

instance, network management protocols (SNMP, JMX, TL1, etc.) provide runtime configuration and some provide operation invocation, but these technologies are not necessarily geared toward applications." *Id*., col. 1:40-45.

58. As disclosed in the '809 Patent, "[s]ome are language specific (e.g., JMX) and require language agnostic bridging mechanisms that must be implemented, configured and maintained. SNMP is generic (e.g., TL1 and SNMP) and very simple in nature, but it requires application developers to implement solutions to common OSS tasks on top of SNMP. *Id*., col. 1:46-51.

59. As disclosed in the '809 Patent, "TL1 is also ASCII based and generic. However, while it is very flexible and powerful, it is another language that must be mastered, and it's nature is command line based. As a result, it is not intuitively based in presentation layer tools. While all the technologies have their respective benefits, they do not provide direct means of providing higher level OSS functionality. Conventionally, applications are monitored, analyzed and managed at runtime." *Id*., col. 1:52-59.

60. As disclosed in the '809 Patent, one or more claims "provid[e] a high level operational support system framework comprises monitoring a health of a plurality of applications. The health of the plurality of applications is assessed, and the health of the plurality of applications is analyzed, whereby each of the plurality of applications are managed dynamically at runtime regardless of a platform of each of the plurality of applications." *Id*., col. 1:64–2:3.

61. Consequently, the '809 Patent improves the computer functionality itself and represents a technological improvement to the operation of computers.

## DEFENDANT'S PRODUCTS

62.     Upon information and belief, Defendant makes, uses, imports, sells, and/or offers for sale the AclaraONE software product, which is described by the Aclara website (www.aclara.com). and is exemplified by the following references:

- https://www.elp.com/articles/2019/02/aclara-showcases-smart-infrastructure-solutions-at-distributech-2019.html (**"REF1"**);

- https://www.aclara.com/products-and-services/aclaraONE-software/distribution-operations/ (**"REF2"**);

- https://www.aclara.com/products-and-services/aclaraONE-software/sensors-and-analytics/ (**"REF3"**);

- https://www.aclaraconnect.com/agenda/aclaraone-system-health-checks/ (**"REF4"**); and

- https://www.aclara.com/wp-content/uploads/2018/08/AclaraONE-Software-Solutions-One-Network-for-Everyone.pdf (**"REF5"**).

63.     The information contained in References **REF1-REF5** is incorporated by reference as if set forth fully herein.

64.     The information contained in reference **REF1** accurately describes the operation and functionality of the AclaraONE software product.

65.     The information contained in reference **REF2** accurately describes the operation and functionality of the AclaraONE software product.

66.     The information contained in reference **REF3** accurately describes the operation and functionality of the AclaraONE software product.

67.     The information contained in reference **REF4** accurately describes the operation and functionality of the AclaraONE software product.

68. The information contained in reference **REF5** accurately describes the operation and functionality of the AclaraONE software product.

## COUNT I
## (Infringement of U.S. Patent No. 7,890,809)

69. BCS incorporates the above paragraphs by reference.

70. Aclara has been on notice of the '809 Patent at least as early as the date it received service of this complaint.

71. Upon information and belief, Aclara has infringed and continues to infringe one or more claims, including Claim 1, of the '809 Patent by making, using, importing, selling, and/or, offering for sale the AclaraONE software product.

72. Defendant, with knowledge of the '809 Patent, infringes the '809 Patent by inducing others to infringe the '706 Patent. In particular, Defendant intends to induce its customers to infringe the '809 Patent by encouraging its customers to use the AclaraONE software product.

73. Defendant also induces others, including its customers, to infringe the '809 Patent by providing technical support for the use of the AclaraONE software product.

74. Upon information and belief, at all times Defendant owns and controls the operation of the AclaraONE software product in accordance with an end user license agreement.

75. The AclaraOne software product provides a method of providing a high level support framework by monitoring from a physical server a health of a plurality of client applications and a health of said plurality of client applications' distributed components, using a common monitoring protocol, said monitoring being independent of a programming technology of said plurality of client applications and respective distributed

components, by assessing said health of said plurality of client applications and said respective distributed components, and by associating said health of said plurality of client applications and said respective distributed components as belonging to a single application node.

76. BCS has been damaged by Defendant's infringement of the '809 Patent.

## PRAYER FOR RELIEF

WHEREFORE, BCS respectfully requests the Court enter judgment against Defendant:

1. declaring that the Aclara has infringed the '809 Patent;

2. awarding BCS its damages suffered as a result of Aclara's infringement of the '809 Patent;

3. awarding BCS its costs, attorneys' fees, expenses, and interest; and

4. granting BCS such further relief as the Court finds appropriate.

## JURY DEMAND

BCS demands trial by jury, Under Fed. R. Civ. P. 38.

Dated:  August 22, 2019                    Respectfully Submitted

*/s/ Raymond W. Mort, III*
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com

**THE MORT LAW FIRM, PLLC**
100 Congress Ave, Suite 2000
Austin, Texas 78701
Tel/Fax: (512) 865-7950

**ATTORNEYS FOR PLAINTIFF**