UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BCS SOFTWARE, LLC,<br><br>    Plaintiff<br><br>    v.<br><br>ACLARA TECHNOLOGIES LLC,<br><br>    Defendant. | Case No. 6:19-cv-00482<br><br>JURY TRIAL DEMANDED |

**DEFENDANT ACLARA TECHNOLOGIES LLC'S MOTION TO DISMISS OR IN THE
ALTERNATIVE TRANSFER BASED ON IMPROPER VENUE AND CONVENIENCE**

Defendant Aclara Technologies LLC ("Aclara") hereby moves for an order dismissing this action for improper venue under Fed. R. Civ. P. 12(b)(3). In the alternative, Aclara moves to transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a) and/or § 1404(a).

**INTRODUCTION**

Plaintiff BCS Software, LLC ("BCS") filed the present action against Aclara alleging infringement of U.S. Patent No. 7,890,809. "Complaint" [D.I. 1]. In its Complaint, BCS alleges that infringement stems from Aclara's making, using, importing, selling, and/or, offering for sale its AclaraONE product. [D.I. 1] at ¶ 71. While the Complaint makes various accusations relevant to jurisdiction (*see* [D.I.] ¶¶ 2, 3, 5, and 6), the sole ground offered for venue in this judicial district under § 1400(b) is the self-serving and unsupported allegation that "[o]n information and belief, Defendant has a regular and established place of business in this judicial

1

district." [D.I.] at ¶ 5.  However, as discussed below and in the Declaration of Gary Brown,[1] the Global Director of Facilities and EH&S for Aclara, the company has no regular and established place of business in this judicial district.  Accordingly, under current precedent this action was not filed in a proper venue and thus the action must be dismissed or, alternatively, transferred.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss a case for improper venue.  Fed. R. Civ. P. 12(b)(3).  Under Rule 12(b)(3), pleadings need not be accepted as true, and facts outside the pleadings may be considered.  *See, e.g., Doe 1 v. AOL LLC,* 552 F.3d 1077, 1081 (9th Cir. 2009).  "Upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue."  *In re ZTE (USA) Inc.,* 890 F.3d 1008, 1013 (Fed. Cir. 2018).  Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

Section 1400(b) states that an action for patent infringement may only be brought in (1) "the judicial district where the defendant resides," or (2) "where the defendant has committed acts of infringement[2] and has a regular and established place of business."  28 U.S.C. § 1400(b).  As for the first ground, the Supreme Court in *TC Heartland* clarified that a domestic corporation only "resides" in its state of incorporation.  *TC Heartland LLC .v Kraft Foods Group Brands LLC,* 137 S. Ct.  1514, 1521 (2017).  Plaintiff admits in its Complaint that Aclara is incorporated

---

[1] Refers to the Declaration of Gary Brown in Support of Defendant Aclara Tehnologies LLC's Motion to Dismiss or in the Alternative to Transfer Based on Improper Venue and Convenience attached as Exhibit 1 ("Brown Decl.").

[2] Aclara certainly does not concede that any acts of infringement have occurred in this, or any other, judicial district but believes this matter can be dismissed by the irrefutable fact that Aclara has no regular and established place of business in the W.D. Tex.

2

in the state of Ohio. [D.I.] at ¶ 2. Accordingly, Aclara "resides" only in Ohio for purposes of venue under § 1400(b).

As for the second ground, Plaintiff offers the naked allegation that Aclara "has a regular and established place of business in this judicial district." [D.I.] at ¶ 5. This allegation is both unfounded and untrue. The Federal Circuit outlined a three-part inquiry to determine if a defendant maintains a regular and established place of business. For venue to be proper under this section, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray,* 871 F.3d 1355, 1360 (Fed. Cir. 2017). "If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.*

With respect to the first requirement, while a formal office or store is not necessary, "there must still be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. With respect to the second and third prongs, the place of business must not only be "regular" and "established," but also that of "the defendant." *Id.* at 1362-63. The district courts have been provided five factors to consider in evaluating whether a place of business is one of the defendant. *In re ZTE (USA) Inc.,* 890 F.3d 1008, 1015 (Fed. Cir. 2018). These factors include (1) whether the defendant owns, leases, or otherwise possesses or controls the place of the equipment located there; (2) whether the defendant claims the place as its own, such as by listing the location on a website, placing it in a directory, or putting a sign on or associated with the building; (3) the nature of the defendant's relationship with the employees at the place; (4) whether the party at that location would require the defendant's permission to change its location or cease working for the defendant; or (5) "any other factors relevant to the question." *Id.* at 1014-16.

Prior courts have found a presence when employees used their homes to store literature, documents, and products, warehousing inventory, or engaging the aid of secretarial services located in the district. *Id.* at 1363-64 (citing *In re Cordis*, 769 F.2d 733 (Fed. Cir. 1985)). As stated in the Declaration of Gary Brown, Aclara performs no such activities and maintains no such location in this judicial district: Aclara currently does not own or lease any property in the state of Texas. Brown Decl. at ¶¶3-5 [Factor 1]. The last brick and mortar lease of Aclara in Texas was terminated in 2016. Brown Decl. at ¶ 13. In addition, Aclara does not advertise, list, or otherwise claim to have a physical presence in Texas. Brown Decl. at ¶7 [Factor 2]. The company has a total of thirteen employees that live in the State of Texas (Brown Decl. at ¶ 9), and they are not required to live there or treat their homes as places of business for the company. (Brown Decl. at ¶ 10)[Factor 3]. Aclara makes no claim to the physical presence of their employee's homes and has not control over whether or not the employees move (Brown Decl. at ¶ 12)[Factor 4]. Further, none of these employees host inventory, records, or clients in their homes (Brown Decl. at ¶ 10)[Factor 5].

Given that Aclara has no physical presence in this judicial district under any of the relevant factors, there is nothing that weighs in favor of establishing venue. Although Aclara maintained a facility in Waco, TX and Lake Dallas, TX in the past (Brown Decl. at ¶12), that fact does not support a finding of proper venue under § 1400(b) for at least two very important reasons. First, venue is determined at the time of filing the Complaint. *In re EMC Corp.,* 501 F. App'x 973, 976 (Fed. Cir. 2013)( holding venue motions "are to be decided based on the 'the situation which existed when suit was instituted.'"). Aclara discontinued operations at the Waco facility in 2014 and terminated its final leasehold on real property in Texas 2016. Brown Decl. at ¶ 13. Accordingly, at the time of the Complaint, Aclara had no regular and established place

of business and venue is clearly improper.  Secondly, venue is specific to a given judicial district within a state.  *In re BigCommerce, Inc.,* 890 F.3d 978, 986 (Fed. Cir. 2018).  Aclara's former physical presence was in Lake Dallas, TX - which is in the *Eastern* District of Texas.

In its motion, Aclara seeks dismissal of this action.  Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought."  "Whether the interest of justice militates in favor of transfer rather than dismissal is a judgment committed to the sound discretion of the district court." *E.g., Citizens for a Better Environment-California v. Union Oil Co.,* 861 F. Supp. 889, 898 (N.D. Cal. 1994).

In the event the Court determines that transfer is appropriate in this matter, Aclara respectfully submits that the Eastern District of Missouri is the most appropriate venue.  Aclara's principal place of business is actually in St. Louis, MO.  As such, the bulk of the relevant documents and witnesses for this matter are present in that district (as opposed to Ohio where Aclara is incorporated).  Further, it is noteworthy that the inventors and original assignee of the asserted patent are residents of the District of Maryland based on the information on the front of the patent.  Section 1406(a) limits transfer to a district or division where the case "could have been brought."  Aclara has no ties to Maryland that satisfy the venue statute and thus the presence of these potential witnesses is irrelevant.  *See, e.g,, Roberts Bros., Inc. v. Kurtz Bros.,* F. Supp. 163, 165-66 (D.N.J. 1964)("Under both sections 1404(a) and 1406(a), the District to which transfer is proposed must have jurisdiction of the subject matter, of the parties, *and be one in which venue would have been been proper had the action been there initiated.*").  There is simply no more appropriate venue than the Eastern District of Missouri.  In the unlikely event

that the Court finds venue proper in this judicial district, Aclara requests transfer under 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses for the reasons discussed above.

## CONCLUSION

In view of the foregoing, Aclara respectfully requests dismissal of the present action for improper venue, or in the alternative, transfer to the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).

Dated: October 16, 2019

/s/ William E. Bradley
William E. Bradley, admitted *Pro Hac Vice*
DC Bar No. 463695
MICHAEL BEST & FRIEDRICH LLP
1000 Maine Avenue, SW, Suite 400
Washington, DC 20024
Email: webradley@michaelbest.com
Tel. 202-747-9560; Fax. 202-347-1819

*Attorneys for Defendant Aclara Technologies LLC*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 16th day of October 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing to the attorneys of record in this case.

                                              /s/ William E. Bradley
                                              William E. Bradley